UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

John L.,[1]

        Plaintiff,

v.

Martin J. O'Malley,
*Commissioner of Social Security Administration*,

        Defendant.

Case No. 23-cv-732 (DJF)

**ORDER**

---

    Pursuant to 42 U.S.C. § 405(g), Plaintiff John L. ("Plaintiff") seeks judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Decision"). This matter is before the Court on Plaintiff's motion for summary judgment and Defendant's request for relief.[2] For the reasons given below, the Court grants in part Plaintiff's motion for summary judgment and remands this matter to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this Order.

---

    [1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

    [2] The new Supplemental Rules for Social Security Actions under 42 U.S.C. 405(g) no longer require parties to file cross-motions for summary judgment, but instead require the parties to file a "brief for the requested relief." Supplemental Rule 6. Defendant filed such a brief (ECF No. 14), but Plaintiff filed a motion for summary judgment (ECF No. 11).

# BACKGROUND

## I. Plaintiff's Claim

Plaintiff applied for DIB on June 15, 2021. (Soc. Sec. Admin. R. (hereinafter "R.") 80.)[3] At that time he was 31-years old with a high-school degree and prior work experience as a janitor and store manager. (R. 80-81, 225.) Plaintiff alleged he became disabled on April 7, 2021 (R. 80-81), resulting from heart palpitations, chest pain, difficulty breathing, brain fog, depression, anxiety, extreme fatigue, joint and muscle pain, intermittent loss of taste, and worsening physical symptoms after physical activity (R. 224).

## II. Regulatory Background

An individual is considered disabled for purposes of Social Security disability benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine

---

[3] The Social Security administrative record (R.) is filed at ECF No. 4. For convenience and ease of use, the Court cites to the record's pagination rather than the Court's ECF and page numbers.

whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." *Id.* § 416.920(a)(4)(i). The claimant must then establish at step two that he has a severe, medically determinable impairment or combination of impairments. *Id.* § 416.920(a)(4)(ii). At step three, the Commissioner must find that the claimant is disabled if the claimant has satisfied the first two steps and the claimant's impairment meets or is medically equal to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App'x 1 ("Listing of Impairments" or "Listing"). *Id.* § 416.920(a)(4)(iii).[4] If the claimant's impairment does not meet or is not medically equal to one of the impairments in the Listing, the evaluation proceeds to step four. The claimant then bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work. *Id.* § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves he is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

## III. Procedural History

The Commissioner denied Plaintiff's application for DIB initially (R. 105-108) and on reconsideration (R. 111-114). On March 25, 2022, at Plaintiff's request (R. 120-121), an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's application (R. 44-79). Plaintiff and a vocational expert testified at the hearing. (R. 44-45.) Plaintiff was represented by an

---

[4] The Listing of Impairments is a catalog of presumptively disabling impairments categorized by the relevant "body system" affected. *See* 20 C.F.R Part 404, Subpart P, App. 1.

attorney. (R. 44.) After the hearing, the ALJ determined that Plaintiff has the following severe impairments: (1) chronic fatigue syndrome; (2) history of COVID-19; (3) obesity; (4) depression; (5) anxiety; and (6) attention-deficit hyperactivity disorder. (R. 23.) The ALJ also determined that Plaintiff has several non-severe impairments: (1) obstructive sleep apnea; (2) orthostatic hypotension; and (3) migraine headaches. (R. 23-24.) The ALJ concluded Plaintiff's impairments, alone or combined, do not meet or medically equal any impairment in the Listing. (R. 24-28.) The ALJ then determined that:

> [Plaintiff] has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except must avoid even moderate exposure to operations of dangerous moving machinery, commercial vehicle operations, and exposure to unprotected heights; is able to understand and remember simple and detailed instructions which can be carried out in a timely fashion; limited to occasional brief and superficial contact with coworkers and supervisors, and with no responsibilities for serving the public directly; able to adapt to typical changes in the workplace; and no fast paced tasks with strict production quotas, and variably paced tasks with end of day production quotas would be acceptable.

(R. 28.) After assessing Plaintiff's RFC (R. 28-36), the ALJ classified Plaintiff's past relevant work as "cleaner" (representative Dictionary of Occupational Titles ("DOT") # 381.687-018), and "store manager" (representative DOT #185.167-046). (R. 36). The ALJ determined that since the demands of these jobs exceed Plaintiff's RFC, he is unable to perform past relevant work. (R. 36-37.)

The ALJ then evaluated whether Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy. (R. 37-38.) Based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, the ALJ determined Plaintiff is capable of performing such other jobs, including "router" (DOT # 222.587-038, 30,000 jobs in the national economy); "cleaner" (DOT # 323.687-014, 195,000 jobs in the national economy); and "electrical accessories assembler" (DOT # 706.684-022, 18,000 jobs in the national

economy). (R. 35.) The ALJ concluded on that basis that Plaintiff is not disabled. (R. 37-38.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision (R. 1-7), and this lawsuit followed.

## DISCUSSION

### I.     Standard of Review

The Court's review of the Commissioner's Decision is limited to determining whether the Decision is "supported by substantial evidence on the record as a whole." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence … is more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This "threshold … is not high." *Id.* "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Remand is warranted, however, when the ALJ's opinion contains insufficient factual findings that, "considered in light of the record as a whole, are insufficient to permit [the] Court to conclude that substantial evidence supports the Commissioner's decision." *Scott v. Astrue*, 529 F.3d 818, 822 (8th Cir. 2008); *see also Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007) (noting requirement that ALJ develop the record fully and fairly); *Chunn v. Barnhart*, 397 F.3d 667, 672 (8th Cir. 2005) (remanding because the ALJ's factual findings were insufficient for meaningful appellate review). In other words, "an ALJ is required to construct a 'logical bridge' between the evidence and his conclusion." *Jacobs v. Astrue*, No. 08-cv431, 2009 WL 943859, at *3 (D. Minn. April 6, 2009) (quoting *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir.2000).

## II. Analysis

Plaintiff contends the ALJ erred at step four of the sequential analysis by failing to consider the effects of Plaintiff's migraine headaches in combination with his other impairments when determining Plaintiff's RFC. (ECF No. 12 at 12-16; ECF No. 15 at 1-4.) Plaintiff further contends the ALJ's RFC determination is flawed because the ALJ improperly discounted the opinion of his treating physician, Dr. Nam Ho. (ECF No. 12 at 16-20; ECF No. 15 at 4-5.)

RFC is defined as the most a claimant can do despite his limitations. 20 C.F.R. § 404.1545(a). It is the claimant's burden to prove his RFC. *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003) (citing *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001)); *accord Charles v. Barnhart*, 375 F.3d 777, 782 n.5 (8th Cir. 2004). The ALJ must consider all of Plaintiff's impairments together, both severe and non-severe. 20 C.F.R. § 404.1523; 20 C.F.R. § 404.1545(a)(1); 20 C.F.R. § 404.1545(e). The ALJ bears primary responsibility for assessing a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of the claimant's limitations. *See* 20 C.F.R. § 404.1545(a)(3); *see also*, *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016); *Roberts v. Apfel*, 222 F.3d, 466, 469 (8th Cir. 2000).

"Because a claimant's RFC is a medical question, an ALJ's assessment must be supported by some medical evidence of the claimant's ability to function in the workplace." *Hensley*, 829 F.3d at 932 (quoting *Cox*, 495 F.3d at 619). The "ALJ is not limited to considering medical evidence, but is required to consider at least some supporting evidence from a professional." *Baldwin*, 349 F.3d at 556. The ALJ must determine the claimant's RFC based on all of the relevant medical and non-medical evidence. *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016); 20 C.F.R. § 404.1545(a)(3). An ALJ's RFC determination is acceptable if it is supported by at least

6

some medical evidence based on the ALJ's independent review of the record. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1024 (8th Cir. 2002).

### A.     Migraine Headaches

Plaintiff contends the ALJ's RFC determination is flawed because he did not consider Plaintiff's migraine headaches in combination with Plaintiff's other impairments. (ECF No. 12 at 12-16; ECF No. 15 at 1-4.) Plaintiff argues the ALJ failed to consider his testimony related to his migraine headaches or attempt to reconcile treatment notes that documented the severity of his headaches and medication dosages differently. (ECF No. 12 at 14, citing R. 325, 406, 407, 411, 412, 414, 425, 433, 661, 667, 814, 833, 845, 1038.) Plaintiff argues the ALJ's error warrants remand for consideration of what restrictions, if any, his migraine headaches impose on his RFC. (*Id.* at 15.) Defendant argues remand is not appropriate because Plaintiff failed to prove his migraine headaches compel any additional limitations. (ECF No. 14 at 3-6.)

At step two of the sequential analysis, the ALJ found Plaintiff suffers from non-severe migraine headaches. (R. 23-24.) The ALJ noted: (1) Plaintiff's migraines are not intractable and are without aura or status migrainosus; (2) Plaintiff takes medication to control his migraines; (3) the medication dosage was increased in December 2021; and (4) the migraines, alone or in combination with any other impairment, do not result in more than minimal work-related restrictions for a continuous period of twelve months. (R. 23-24, citing R. 44-79 (hearing testimony), 758, 815, 832-833, 872, 961, 999-1001.) The ALJ also stated at step two that he "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." (R. 24.) But the ALJ's RFC analysis does not discuss Plaintiff's migraine headaches at all. (*See* R. 28-36.)

At step four of the sequential analysis, the ALJ was required to consider the limiting effects

7

of all of Plaintiff's impairments together, regardless of severity.  20 C.F.R. § 404.1523; 20 C.F.R. § 404.1545(a)(1); 20 C.F.R. § 404.1545(e).  Despite the ALJ's conclusory statement at step two, absent any analysis or explanation at step four as to how the ALJ assessed Plaintiff's migraine headaches, or any potential limiting effect, the Court cannot review whether the absence of any related limitation is supported by substantial evidence in the record as whole.  If the ALJ determined that Plaintiff failed to meet his burden to show that his migraine headaches do not impose any restrictions in his RFC, he needed to clearly spell out how and why; the Court should not be left "to speculate on what basis the Commissioner … denied a claim." *Collins v. Astrue*, 648 F.3d 869, 872 (8th Cir. 2011).  The Court therefore finds the ALJ erred at step four by failing to develop the record fairly or fully.  *Cox*, 495 F.3d at 618.  Other courts in this district have similarly found that an ALJ's failure to consider or analyze the full effect of a claimant's impairments at step four of the analysis constitutes reversible error and warrants remand.  *See, e.g.*, *Karin R. v. Saul*, No. 20-CV-1994 (TNL), 2022 WL 980342, at *26 (D. Minn. March 31, 2022); *Mark. E. v. Kijakazi*, No. 20-CV-2047 (PAM/JFD), 2021 WL 6066260, at *10 (D. Minn. Dec. 7, 2021), *report and recommendation adopted*, 2021 WL 6063631 (D. Minn. Dec. 22, 2021).

The omission also bears on the hypothetical questions the ALJ posed to the vocational expert during Plaintiff's hearing, and in turn, the vocational expert's testimony regarding jobs Plaintiff is able to perform.  A vocational expert's testimony qualifies as substantial evidence only when it is "based on a hypothetical [question] that captures the concrete consequences of the claimant's deficiencies." *Scott v. Berryhill*, 855 F.3d 853, 857 (8th Cir. 2017) (quotation marks and citation omitted).  When an RFC is incomplete, "it cannot be said that substantial evidence supports the conclusion" that Plaintiff can actually perform all aspects of the jobs the vocational expert identifies.  *Vicky R. v. Saul*, Civ. No. 19-2530 (ADM/ECW), 2021 WL 536297, at *14 (D.

Minn. 2021), *report and recommendation adopted,* 2021 WL 533685 (D. Minn. Feb. 12, 2021). Without any discussion of whether Plaintiff's migraine headaches impose any additional limitation on his RFC when considered together with his other impairments, the Court cannot determine whether Plaintiff can actually perform the jobs the vocational expert identified.

For these reasons, the Court vacates the Decision and remands this matter to the Commissioner pursuant to sentence four of 42 U.S.C § 405(g) so the ALJ can complete the record. 42 U.S.C § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.")  On remand the ALJ should: (1) either discuss any limitations related to Plaintiff's migraine headaches in Plaintiff's RFC determination or provide a well-reasoned justification for their omission; and (2) recall a vocational expert for testimony to the extent necessary to address a new hypothetical based on any modified RFC.

### B. Dr. Nam Ho's Medical Opinion

Plaintiff also challenges the ALJ's evaluation of the medical opinion of his treating physician, Dr. Nam Ho.  (ECF No. 12 at 16-21; ECF No. 15 at 3-5.)  In December 2021, Dr. Ho completed a form that instructed him to: (1) estimate Plaintiff's ability in work-related activities by checking various boxes; and (2) "identify the objective factors (e.g., the particular medical signs, laboratory findings, or other factors described above) that support your assessment of any limitations".  (R. 784.)  Dr. Ho opined that due to Plaintiff's COVID-19 sequelae, Plaintiff should be restricted to lifting and carrying up to 10 pounds occasionally and up to 5 pounds frequently; standing and/or walking for minutes at a time and for less than one total hour in an eight-hour workday; and sitting for less than four total hours in an eight-hour workday. (R. 784-785.)  Dr.

9

Ho did not identify any objective factors to support limitations in walking, standing or sitting, and identified just "increased shortness of breath" to support a limitation in pushing and pulling. (R. 784-785.)  The ALJ found only mild support for Dr. Ho's opinions, concluding:

> [T]hese opinions are not offered by a specialist in the types of impairments affecting [Plaintiff] in the medical evidence of record.  Further, Dr. Ho's opinions are not well supported by medically acceptable clinical findings, imaging studies, or laboratory diagnostic techniques, and are conclusory and inconsistent with treatment notes and exam findings, and are based heavily on [Plaintiff's] self-reports.

(R. 36.)

Plaintiff primarily argues that the ALJ failed to analyze the supportability and consistency of Dr. Ho's opinion.  *See Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (An ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, [and] (2) whether they are consistent with other medical sources ….") (citing 20 C.F.R. § 404.1520c(c)).  Plaintiff contends the ALJ wrongly discounted his own subjective complaints and cites other record evidence he claims supports Dr. Ho's opinion. (ECF No. 12 at 17-18.)

"No talismanic language is required for the ALJ to meet the requirements of [section] 404.1520c, only that the ALJ make it clear that they considered the supportability and consistency of an opinion."  *Mario O. v. Kijakazi*, No. 21-CV-2469 (NEB/ECW), 2022 WL 18157524, at *11 (D. Minn. Dec. 13, 2022), *report and recommendation adopted*, 2023 WL 136590 (D. Minn. Jan. 9, 2023).  Moreover, under regulations revised in 2017, an ALJ cannot defer or give any specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding, including those from medical sources.  20 C.F.R. § 404.1520c(a); *see also Bowers v. Kijakazi*, 40 F.4th at 875  (citing 20 C.F.R. § 404.1520c(a), "treating physicians are [no longer] entitled to special deference").

The ALJ found Dr. Ho's opinions were not well supported and were conclusory and inconsistent with treatment notes. (R. 36.) An ALJ may appropriately discount a treating physician's assessment when, as in this case, it includes "vague, conclusory statements-checked boxes, circled answers, and brief fill-in-the-blank responses." *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018). Moreover, the ALJ carefully evaluated Dr. Ho's treatment notes and reasonably found they did not suggest the degree of limitation Dr. Ho identified in his opinion. (*See* R. 30-31, citing R. 405-406 (noting clear lungs; normal heart function); 411 (same); 658 (same); 754 (same); 814-815(same); 950-951 (citing clear lungs; heart function not assessed due to telephone visit); 978-980 (same); *see also* R. 31-32, citing, *e.g.*, 848-850 (finding normal respiration, heart functioning, abdomen, and neurological signs); 922-924 (no evidence of structural cardiac disease).) The ALJ's determination that Dr. Ho's opinions were neither consistent with nor supported by the record is thus supported by substantial evidence.

The ALJ also discounted Dr. Ho's opinion, in part, because Dr. Ho did not specialize in COVID-19. The ALJ's consideration of Dr. Ho's lack of expertise was appropriate. When evaluating a medical opinion, an ALJ may consider a physician's training or lack thereof. 20 C.F.R. §404.1520(c)(c). Dr. Ho identified his medical specialty as "family medicine", with no indication that he had any special experience or knowledge regarding the treatment of COVID-19. Plaintiff may disagree with the ALJ's findings, but this does not alter the fact that the ALJ properly evaluated Dr. Ho's opinion under 20 C.F.R. 404 § 404.1520c and substantial evidence supports it. *Schmitt v. Kijakazi*, 27 F.4d 1353, 1361 (8th Cir. 2022) ("Despite [Plaintiff's] dissatisfaction with how the ALJ weighed the evidence, it is not this Court's role to reweigh that evidence").

## CONCLUSION

On the record before it, the Court cannot evaluate whether substantial evidence supports the ALJ's RFC determination with respect to Plaintiff's migraine headaches. The Court therefore grants in part Plaintiff's motion for summary judgment and remands this matter to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this Order. The Court denies Plaintiff's motion insofar as he challenges the ALJ's evaluation of Dr. Ho's medical opinion.

## ORDER

Based on all the files, records, and proceedings herein, **IT IS ORDERED** that:

1. Plaintiff's Motion for Summary Judgment (ECF No. [11]) is **GRANTED IN PART**;

2. Defendant's Request for Relief (ECF No. [11]) is **DENIED**;

3. The Commissioner's denial of benefits is reversed and this matter is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C § 405(g) for further administrative proceedings consistent with this Order; and

4. This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: March 7, 2024                             *s/ Dulce J. Foster*
                                                 DULCE J. FOSTER
                                                 United States Magistrate Judge