UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John L.,[1] | Case No. 23-cv-732 (DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Martin J. O'Malley,<br>*Commissioner of Social Security*, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion") (ECF No. 20). Plaintiff seeks attorney's fees of $9,403.62 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"), and costs in the amount of $402.00. (*Id*; *see also* ECF No. 29.) Defendant opposes Plaintiff's Motion (ECF No. 27). Plaintiff initially requested $8,285.27 in attorney's fees (ECF No. 20), but now seeks an additional $1,118.35 for the additional 4.8 hours he spent litigating his EAJA request (ECF No. 29). For the reasons set forth below, the Court grants in part and denies in part Plaintiff's Motion and directs Defendant to pay $7,155.27 in attorney's fees and $402 in costs. This represents an approximate 14% reduction in the fees Plaintiff initially requested.

**I.     Background**

Plaintiff filed a Complaint in this matter on March 27, 2023 seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying his application for disability insurance benefits under Title II of the Social Security Act ("Decision"). (ECF No. 1.)

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

Plaintiff argued remand was required because the administrative law judge ("ALJ") erred when he: (1) did not consider Plaintiff's migraine headaches in combination with Plaintiff's other impairments (ECF No. 12 at 12-16; ECF No. 15 at 1-4); and (2) improperly discounted the opinion of his treating physician, Dr. Nam Ho (ECF No. 12 at 16-20; ECF No. 15 at 4-5). On March 7, 2024, the Court affirmed the Decision with respect to the ALJ's evaluation of Dr. Ho's medical opinion, but remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) to address the ALJ's omission of Plaintiff's migraine headaches from his RFC analysis (ECF No. 16 at 7-9).

## II.     Legal Standard

Under the EAJA, a prevailing party in an action against the United States or one of its agencies is entitled to an award of attorneys' fees and expenses unless the government's position was substantially justified or special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Any attorney's fees awarded under the EAJA must be reasonable. 28 U.S.C. § 2412(b). The party seeking an award must provide evidence to support the reasonableness of the fees, both as to the hourly rate and the hours worked, and should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *see also Wheeler v. Mo. Highway & Transp. Com'n*, 348 F.3d 744, 754 (8th Cir. 2003). A court exercises substantial discretion in determining the reasonableness of attorney's fees. *Hensley*, 461 U.S. at 437.

When a plaintiff's claims involve "a common core of facts or [are] based on related legal theories," "the most critical factor" a court must consider in determining the reasonableness of an attorney's fees request is "the degree of success obtained" in the litigation. *Hensley*, 461 U.S. at 435–36. "If … a plaintiff has achieved only partial or limited success, the product of hours

reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436.

A plaintiff is entitled to fees only if the government's position was not substantially justified. *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). The Court should not award attorney's fees under the EAJA simply because the government lost the case. *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (citations omitted). The government bears the burden to prove substantial justification for its position in the litigation. *Id.* "The standard is whether the [Commissioner's] position is 'clearly reasonable, well founded in law and fact*,* solid though not necessarily correct.'" *Id.* (quoting *Friends of Boundary Waters Wilderness v. Thomas,* 53 F.3d 881, 885 (8th Cir.1995) (emphasis removed). "The [Commissioner's] position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole" and thus "the [Commissioner] can lose on the merits of the disability question and win on the application for attorney's fees." *Welter*, 941 F.2d at 676 (quotation marks and citation omitted). "[T]he [Commissioner's] position need only be 'justified to a degree that could satisfy a reasonable person' to defeat a claimant's application for attorney's fees." *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 554, 656 (1988)). "The EAJA renders the United States liable for attorney's fees for which it would not otherwise be liable, and thus amounts to a partial waiver of sovereign immunity. Any such waiver must be strictly construed in favor of the United States." *Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991) (citations omitted). In contrast, costs, which are paid out of the Judgment Fund administered by the United States Treasury, are distinguished from expenses under the EAJA. 28 U.S.C. § 2412(a).

**III.   Analysis**

Plaintiff argues he is eligible for attorney's fees and costs under the EAJA because he is a prevailing party, Defendant's position was not substantially justified, his net worth is less than

3

$2,000,00, and this case has concluded with a "final order." (ECF No. 21-7 at 1-2.) His initial fee request reflects 33.2 hours of attorney work at an hourly rate of $232.99, adjusted from the statutory amount of $125.00 per hour set in 1996 to compensate for cost-of-living increases and inflation (ECF No. 21 at 1-2; ECF No. 21-1 at 2-3; ECF No. 21-3 at 2-3 ), and 5.5 hours of paralegal work at an hourly rate $100 (ECF No. 21 at 1-2; ECF No.21-4 at 2-3), for a total of $8,285.27.  In addition to his initial request for fees expended litigating the claims in his Complaint, Plaintiff requests an additional 4.8 hours at $232.99 per hour for fees expended litigating his fee request. (ECF No. 29 at 10-11.)

Defendant argues Plaintiff is not entitled to EAJA fees because the Commissioner's position was substantially justified. (ECF No. 27 at 4-10.) Defendant does not appear to challenge Plaintiff's request for costs. (*See generally*, *id.*)

  1.  **Substantial Justification**

The Court remanded the ALJ's Decision to the Commissioner based solely on the ALJ's failure to address Plaintiff's migraine headaches in his RFC (ECF No. 16 at 7-9).  The Court reasoned that the ALJ's failure to analyze or explain how he assessed Plaintiff's migraine headaches, or any potential limiting effect, at step four of the sequential analysis rendered the Court unable to review whether the absence of any related limitation was supported by substantial evidence in the record as a whole, and thus the ALJ did not develop the record fairly or fully. (*Id.* at 8.)  The Court also found the ALJ's omission affected the hypothetical questions the ALJ posed to the vocational expert and thus the ALJ's ultimate conclusion that Plaintiff was able to perform to jobs the vocational expert identified. (*Id.* at 8-9.)  The Court rejected Plaintiff's other ground for remand. (*Id.* at 9-11).

Plaintiff thus prevailed on just one of the two issues he raised.  Defendant maintains that his position on Plaintiff's prevailing argument was substantially justified because "Plaintiff's

initial point of error equated considering nonsevere impairments with articulation demands …. [b]ut the authority upon which Plaintiff relied, SSR 96-8p, does not make this demand" and Plaintiff did not "identify work restrictions" or "assert a failure to investigate point of error" so "the Commissioner cannot be faulted for not addressing this issue." (ECF No. 27 at 8-9.)

The Court disagrees. The Court's basis for remand was that despite the ALJ's determination at step two of the sequential analysis that Plaintiff suffered from non-severe migraine headaches, and the ALJ's statement that he "'considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity'" (ECF No. 16 at 7, citing R. 24), the ALJ's RFC analysis did not discuss Plaintiff's migraine headaches at all. (*Id.* citing R. 28-36.) RFC is defined as the most a claimant can do despite his physical and mental limitations. 20 C.F.R. § 404.1545(a). This includes limitations arising from his non-severe impairments as well as his severe impairments. *See* 20 C.F.R. §§ 404.1523, 404.1545(a)(2). Defendant argues the ALJ met his step four burden with his conclusory statement at step two that he "considered" all of Plaintiff's severe and non-severe impairments when determining his RFC (ECF No.27 at 8), but if this were true, step four would be superfluous. And as the Court noted in its Order "an ALJ is required to construct a 'logical bridge' between the evidence and his conclusion." (ECF No. 16 at 5 (citing *Jacobs v. Astrue*, No. 08-cv-431, 2009 WL 943859, at *3 (D. Minn. April 6, 2009)). Certainly, the ALJ was not required to address every piece of evidence in the record in his written decision, but the ALJ did not cite *any e*vidence related to Plaintiff's migraines in his RFC analysis, leaving the Court to speculate how or why the ALJ determined Plaintiff's migraine headaches did not impose any limiting effects and whether he truly considered Plaintiff's migraine headaches at all. That Plaintiff did not "identify work restrictions" or "assert a failure to investigate point of error" is inconsequential; the ALJ's duty was to evaluate the evidence related to all of Plaintiff's

impairments and support his conclusion in a manner capable of review. *Michael A.K. v. Kijakazi*, Civ. No. 20-2084 (PAM/DTS), 2021WL 3293519, at *2-3 (D. Minn. Aug. 2, 2021).

The Court's determination that remand was warranted involved neither a novel legal principle nor a close question of fact or law. Rather, the ALJ's obligation to address all of Plaintiff's severe and non-severe impairments at *step four* of the sequential analysis was a matter of binding regulatory authority that he appears to have ignored. *See* 20 C.F.R. § 404.1523; 20 C.F.R. § 404.1545(a)(1); 20 C.F.R. § 404.1545(e). And as the Court explained, other courts in this district have similarly found that an ALJ's failure to consider or analyze the full effect of a claimant's impairments at step four of the analysis constitutes reversible error and warrants remand. *See, e.g.*, *Karin R. v. Saul*, No. 20-CV-1994 (TNL), 2022 WL 980342, at *26 (D. Minn. March 31, 2022); *Mark. E. v. Kijakazi*, No. 20-CV-2047 (PAM/JFD), 2021 WL 6066260, at *10 (D. Minn. Dec. 7, 2021), *report and recommendation adopted*, 2021 WL 6063631 (D. Minn. Dec. 22, 2021).

An ALJ's error does not alone necessitate a finding that the government's position was not substantially justified. *Welter*, 941 F.2d at 676. Defendant cites a decision in the Sixth Circuit to support his argument that that the ALJ was not required to articulate how he considered Plaintiff's non-severe migraine headaches in his RFC. (ECF No. 27at 6-7, citing *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726-727 (6th Cir. 2014).) But substantial justification does require a reasonable basis in "law and fact" sufficient to satisfy a "reasonable person." *Welter*, 941 F.2d at 676. Here, the Commissioner overlooked the regulations and clear precedent to defend the ALJ's Decision, such that it was not well-founded in law and fact. Another court in this district considered a similar error and concluded that the Commissioner's position was not substantially justified when he defended an ALJ whose Decision was so devoid of analysis that it left the Court to conclude the ALJ had not considered plaintiff's mental impairments at all when determining his

RFC. *Jacobs v. Astrue*, 2009 WL 943859 at *2 (D. Minn. Apr. 6, 2009). This case is analogous. Despite the ALJ's conclusory statement at step two that he considered all of Plaintiff's severe and non-severe impairments when determining his RFC, the ALJ's failure to reference Plaintiff's migraine headaches at all in his RFC analysis leaves the Court to wonder whether he actually did evaluate the evidence or he erroneously forgot to include it in his analysis. The Court therefore concludes that Plaintiff is entitled to EAJA fees on his sole prevailing issue because the Commissioner's position was not substantially justified.

### 2. Fee Reduction

Plaintiff submitted a detailed ledger with billing entries showing a specific correlation between the various activities listed, the time spent completing those tasks, and the work produced ("Ledger") (ECF No. 21-3). Based on the Ledger, the Court cannot conclude that the 33.5 hours Plaintiff seeks for EAJA compensation is unreasonable. *See Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012) (finding 40 hours acceptably routine for disability EAJA matters); *see also Hayes v. Sec'y of HHS*, 923 F.2d 418, 420 (6th Cir. 1990) (noting the average number of billable hours on a social security cases ranged from 30 to 40 hours); *Schulten v. Astrue*, No. 08 CV 1181, 2010 WL 2135474, at *6 (N.D. Ill. 2010) (collecting cases) (finding 40-60 hours fell within the "permissible range for social security cases"); *Coppernoll v. Astrue,* 2009 WL 3482120 (W.D. Wis. 2009) (awarding EAJA fees for 46.2 hours of work and noting that 35 to 60 hours was common and acceptable).

However, the Court finds Plaintiff's fee award should be reduced based on his limited success. *Hensley*, 461 U.S. at 435–36. The Ledger shows Plaintiff's counsel spent 8.3 hours researching and drafting, and 1.4 hours revising and editing the argument section of his opening brief, but it does not differentiate based on the time devoted to each argument. (*See* ECF No. 21-3 at 2-3.) "If … a plaintiff has achieved only partial or limited success, the product of hours

7

reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. The "most critical factor" the Court must consider is "the degree of success obtained" in the litigation. *Id.* at 435-36. Because Plaintiff prevailed on just one of his arguments, the Court reduces the time Plaintiff's counsel spent researching, drafting, and revising his arguments by half, or 4.85 hours, reflecting a total deduction of $1,1130—about 14% of the total fees Plaintiff first requested.

The Court also denies Plaintiff's request for additional fees based on the 4.8 hours he spent responding to Defendant's opposition to his fee request. Defendant's opposition was not frivolous or improper, such that waiving its sovereign immunity on this issue may be improper. *Ardestani*, 502 U.S. at 137 (1991). Finally, the Court grants Plaintiff's unopposed request for $402 in costs.

In accordance with *Astrue v. Ratliff,* 560 U.S. 586 (2010), the EAJA fees awarded in this case may be subject to offset to satisfy any preexisting debt Plaintiff may owe the United States. If, after receiving the Court's EAJA fee order, the Commissioner: (1) determines Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (2) agrees to waive the requirements of the Anti-Assignment Act, then the Court recommends the EAJA fees be made payable to Plaintiff's attorney's firm, **Olinsky Law Group**. However, if Plaintiff owes a debt under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset should be paid by check payable to Plaintiff.

The Court recommends that any checks issued for payment (regardless of whether payable to Plaintiff or his attorney's firm) be delivered to Plaintiff's attorney's firm at **Olinsky Law Group, 250 South Clinton Street, Suite 210, Syracuse, NY 13202**.

**ORDER**

Based on all the files, records, and proceedings herein:

1. Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. [20]), is **GRANTED IN PART** and **DENIED IN PART**:

   A. Plaintiff is awarded $7,155.27 in attorney's fees under the EAJA and $402 in costs; and

   B. If the Commissioner: (1) determines Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (2) agrees to waive the requirements of the Anti-Assignment Act, the EAJA fees shall be paid to Plaintiff's attorney's firm, **Olinsky Law Group**; or

   C. If Plaintiff owes a debt under the Treasury Offset Program, the remaining EAJA fees after offset shall be paid by check to Plaintiff.

Dated: July 10, 2024

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge